UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

In re:

500 W 184 LLC,

          Debtor.

-------------------------------------------------------------------X

Chapter 11

Case No. 21-10392 (MEW)

**DECLARATION IN SUPPORT**

      **ANDREW W. ALBSTEIN**, declares the following under penalty of perjury pursuant to 28 U.S.C. §1796:

      1.    I make this declaration, pursuant to Local Rule 9077-01, in support of my emergency application seeking to compel Amsterdam Mixed Use LLC (the "Lender") to pay for the insurance premiums on the property and general liability policies for the real property located at 500 West 184th Street, New York, New York, which are due to expire on May 20, 2021 at midnight.

      2.    I further submit this affidavit in support of my application, as Temporary Receiver, for permission to resign as Temporary Receiver, on good cause shown, and for an order approving and fixing the commissions of the Temporary Receiver, as well as the Temporary Receiver's counsel and managing agent, all pursuant to 11 U.S.C. § 543.

      3.    To be clear, I have not come into possession of any assets or property of the debtor, 500 W 184 LLC ("Debtor"), but I, along with my court appointed agents, have incurred certain expenses and fees associated with the maintenance and management of the foreclosed premises known as 500 West 184th Street a/k/a 2500 Amsterdam Avenue, New York, New York 10033 (Block: 2155, Lot: 86) (the "Premises").

      4.    Critically, the property and general liability policies for the Premises are currently

due to expire **tomorrow, May 20, 2021 at midnight**. Despite repeated requests, Lender has failed to pay the renewal premiums for the property and general liability policies for the Premises. As such, the insurance coverage for the Premises is due to lapse on May 21, 2021. Despite paying the original premiums, Lender is abstaining from doing so now. As such, I request that the Court compel Lender to pay the premiums prior to the expiration date of 12:01 a.m. on May 21, 2021.

A. *Background*

5.   On February 18, 2020, I was appointed Temporary Receiver in a foreclosure action captioned Amsterdam Mixed Use LLC v. 500 W 184 LLC, et al.; Index No. 850274/2019 (the "Foreclosure Action"), pursuant to an order of the Hon. Jennifer G. Schecter, J.S.C. (the "Order"). A copy of said Order is annexed hereto as **Exhibit "A"**.

6.   By the Order, the Foreclosure Court appointed me Temporary Receiver of the rents and profits of the Premises.

7.   On June 4, 2020, I filed my Oath and Bond and duly qualified as said Receiver.[1] A copy of said Oath and Bond is annexed hereto **as Exhibit "B"**. I have been and am now acting in that capacity for over half a year.

B. *Insurance Coverage for the Premises*

8.   On or about May 21, 2020, Lender wired over to the Insurers' broker full payment of the property and general liability insurance premiums and bonded coverage until May 20, 2021 at midnight.

9.   On April 27, 2021, the Insurer's broker emailed my agent informing him that they have received the renewal quotes for the property and general liability policies and that in order

---

[1]   The coronavirus pandemic led to a delay in the procurement of necessary insurance and the filing of the Oath and Bond.

to bind coverage they would require a confirmation from me, signed forms and payment on the invoice. A copy of the invoice is annexed hereto as **Exhibit "C"**.

10. On April 29, 2021, my counsel forwarded the insurance broker's email concerning the renewal of the insurance premiums to Lender's counsel.

11. Upon information and belief, I assumed the Lender would be forwarding the payment directly to the insurance broker as it had done so in the past. On May 11, 2021, however, the insurance broker once again emailed my agent indicating that the payment remains outstanding.

12. That is when it became apparent that Lender was not intending to pay the renewal premiums. To date, I have not received a single response from Lender as to my inquiries regarding payment for the renewal premiums.

13. Given the pandemic and work-from-home procedures, it took my counsel a week to verify the facts and prepare the current application.

14. As explained in detail below, the Premises are not generating any income and, as such, I cannot pay for the insurance premiums, which amount to $11,552.16. *See* **Exhibit "C"**.

15. Coverage for the property and general liability policies is due to lapse on May 20, 2021 at midnight. As such, it is crucial that payment be made prior to May 21, 2021. Accordingly, I am proceeding by order to show cause in the hope that a hearing can be convened tomorrow following email and overnight notice sent today.

### C.  *Bases for Resignation as Temporary Receiver*

16. Many issues have arisen at the Premises since my appointment. After an initial survey of the Premises by the Foreclosure Court appointed managing agent, Lee & Associates, LLC ("Lee & Associates"), I was informed that several commercial tenants had vacated the

Premises and that certain repairs were necessary to ensure the preservation of the Premises. Moreover, Lee & Associates informed me of several DOB violations listed for the Premises.

17. After repeated requests to both lender's and Debtor's foreclosure counsel, I was unable to obtain Debtor's employer identification number to allow me to open up the necessary deposit account to properly collect rents and profits. The inability to do so has prevented me from obtaining rent checks that, upon information and belief, remain in the possession of Debtor's foreclosure counsel, Bruce Minkoff, Esq.

18. Along with the inability of collecting rents and profits, Lender was informed of certain repairs needed to be performed at the Premises and was provided with an estimate from Lee & Associates regarding same. Since I have no rental income to use for maintenance and repairs, I looked to Lender to provide same. Lender failed to provide the funds necessary for me to engage contractors for the repair work.

19. Based on the foregoing, I have been hamstrung in the performance of my duties.

### D. *Application to Be Relieved in Foreclosure Action*

20. On April 1, 2021, I filed an application in the Foreclosure Action, seeking, by order to show cause, among other things, to be relieved as Temporary Receiver.

21. On April 15, 2021, Lender's counsel informed the Foreclosure Court that Debtor had filed for bankruptcy on March 2, 2021 – approximately a month prior to my application. I, as well as the Foreclosure Court, was completely unaware of Debtor's filing. Had I known of Debtor's filing, I would have made this application sooner.

22. Upon notice of Debtor's bankruptcy filing, the Foreclosure Action was marked disposed and my then pending application to be relieved as Temporary Receiver was denied, without prejudice, to allow for the parties to address the issues with this Court or with the

Supreme Court on remand or if the automatic stay is lifted. A copy of the decision and order, dated April 19, 2021, is annexed hereto as **Exhibit "D"**.

23. Based on the foregoing, I respectfully request that the Court discharge me as Temporary Receiver pursuant to 11 U.S.C. §543.

### E. Approving and Fixing the Temporary Receiver's Fees and Expenses

24. I performed services as Temporary Receiver in Foreclosure Action, for a period of close to a year, in a situation of unusual difficulty, for which I am asking as and for commissions as Temporary Receiver the sum of $12,381.42, which sum, your deponent believes, is fair and reasonable.

25. No money, property, or effects have come into my possession since the time of my appointment. I have not taken possession of any of the Debtor's book and records.

26. No sums have been expended or disbursed by me in the execution of my duties as receiver herein, except for those of my counsel and my managing agent's fees and expenses. **Exhibit "E"**, annexed hereto, contains a statement of fees and expenses expended by the Temporary Receiver in engaging counsel and a managing agent, the Temporary Receiver's counsel's fees and expenses and the managing agent's fees and expenses.

27. The services performed by my counsel, Matthew Hearle, Esq., for me over this same period have not been very extensive, but from time to time it was necessary for my counsel to advise me as to my legal position in connection with some of the recalcitrant tenants and to write letters to the Lender and to the tenants on behalf of the Temporary Receiver. In addition, my counsel brought on the application in the Foreclosure Action. For these services, which, in the aggregate, over a period of counsel's time, your deponent believes is reasonably entitled, as and for Mr. Hearle's fees as attorney for the Temporary Receiver, to the sum of $4,905.00.

5

28.     The services performed by my managing agent, Lee & Associates, for me over this same period have not been extensive, but consisted of preliminary site visits, consultations and preparation of a budget and cost estimate for the repair work necessary for the Premises. For these services, which, in the aggregate, over a period of the managing agent's time, your deponent believes is reasonably entitled, as and for the fees as managing agent for the Temporary Receiver, to the sum of $3,500.00.

29.     Deponent wishes to call to the attention of the Court that the balance remaining in my hands at this time is $0, and that the amounts requested, as well as my counsel and managing agent, for my commissions and fees, are considerably in excess of this sum.

30.     I am willing to file claims to recover my and my agents' fees and expenses from Debtor in these proceedings; however, I believe, that inasmuch as I was appointed at the special insistence and request of the Lender, and because the Lender has had the benefit for a period of close to a year, of my services, as well as for that of my counsel and managing agent, in the management of property on which it held a mortgage, Lender should pay for the fees set forth in **Exhibit "E"**.

31.     No previous application for the relief requested herein has been made.

**WHEREFORE**, it is respectfully prayed that an Order of this Court issue (i) compelling Lender to pay for the insurance renewal premiums on the property and general liability policies for the Premises, totaling $11,552.16; (ii) permitting the Temporary Receiver to resign; (iii) approving and fixing the commissions of the Temporary Receiver, as well as that of the Temporary Receiver's counsel and managing agent; (iv) directing that Lender pay to the Temporary Receiver, and to his counsel and managing agent, their respective fees and expenses; (v) discharging Temporary Receiver and the surety on his undertaking; (vi) cancelling the

undertaking; and (vii) granting such other and further relief as may be just and proper.

Dated: New York, New York
       May 19, 2021

                                            */s/ Andrew W. Albstein*
                                           **ANDREW W. ALBSTEIN**