UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

In re:

500 W 184 LLC,

                Debtor.

-----------------------------------------------------------------X

Chapter 11

Case No. 21-10392 (MEW)

**DECLARATION IN REPLY**

      **ANDREW W. ALBSTEIN**, declares the following under penalty of perjury pursuant to 28 U.S.C. §1796:

      1.    I make this declaration in response to the Objection filed by Amsterdam Mixed Use LLC ("Lender") to my application, as Temporary Receiver, for permission to resign as Temporary Receiver, on good cause shown, and for an order approving and fixing the commissions of the Temporary Receiver, as well as the Temporary Receiver's counsel and managing agent, all pursuant to 11 U.S.C. § 543, and in further support of my Motion.

      2.    I originally sought this relief in the pending foreclosure action in New York Supreme Court, New York County, due to the non-cooperation of both Lender and 500 W 184 LLC ("Debtor"). Before the application could be considered, the receivership was superseded by operation of law on March 2, 2021 when the Chapter 11 petition was filed. This Motion is brought to clarify that the receivership has ended and that I am in full compliance with the requirements set forth in 11 U.S.C. § 543.

      3.    In conjunction with my discharge as Receiver, this application seeks to have my commissions, as well as those of my court-appointed counsel and managing agent, approved and fixed as provided in Section 543(c)(2).

      4.    Lender's Objection to my commission application is based on its misapprehension

that I performed little work deserving fees. Lender points to the fact that no rents were collected to justify this assertion. As explained in detail below, however, Lender is wrong on both the facts and the law.

### A. *Lender's Objections Refuted*

5.  I provided my services as Receiver for over a years' time for which I incurred fees and expenses. I have demonstrated a good faith effort in performing my duties and am entitled to commissions pursuant thereto – with the same applying to my counsel and managing agent.

6.  Lender's justification to deny my commissions based on the absence of collected rents is a false premise. It was Lender that sought my appointment for a building with a history of vacancy and non-payment of rent. The Premises were in a dismal condition which would require a significant infusion of cash to render them habitable and leasable. Lender refused to provide a dollar. Putting me in a position to receive no rents and denying me resources to improve the Premises placed me in an untenable position despite my efforts. As a matter of law, the absence of rental income does not vitiate my entitlement to commissions.

7.  Indeed, Lender, through its foreclosure counsel, participated in a teleconference with my managing agent and me concerning the state of the Premises and its general disrepair approximately a year ago. During that conversation, Lender's foreclosure counsel requested that the managing agent prepare a proposed budget for the repairs (which it did). I forwarded Lender the proposed budget but never heard back despite several follow up requests. The request for Lender to provide the funds necessary for the repairs was done expressly because I was unable to collect rents from the tenants at the Premises despite my demands and best efforts.

8.  Lender correctly points out that the Receiver Order limits improvements and

substantial repairs to the Premises to $1,000, but that does not preclude greater repairs. Had Lender provided the funds requested, I would have made an application to the state court to approve the expenses to endeavor to restore the Premises to good condition – the exact duties which I was appointed to perform. The need for court approval for expenses exceeding $1,000 is a red herring. Indeed, had Lender been a cooperative partner in this with me, we could have procured court approval either prior to or after the fact. *See Litho Fund Equities, Inc. v. Alley Spring Apartments Corp.*, 94 A.D.2d 13 (2d Dept. 1983); *Constellation Bank N.A. v. Binghamton Plaza Inc.*, 236 A.D.2d 698 (3d Dept. 1997) ("The absence of judicial approval, however, did not preclude Supreme Court, in the exercise of its discretion, from approving Wick's unauthorized expenses.").

9. Lender's counsel's claims that no effort was made to contact or locate the purported managing agent of the Premises are false. My court-appointed managing agent went to the Premises and was unable to locate a managing agent at the Premises or even determine if there was one. Despite Lender's allegations to the contrary, I engaged in best efforts to make contact with the Debtor and its managing agent to obtain keys, as well as books and records, all to no avail.

10. Moreover, I would like to address Lender's misleading statements concerning my attempts at obtaining Debtor's employer identification number ("EIN") in order to allow me to open a deposit account pursuant to the Receiver Order. As Receiver, I cannot (and could not) open a deposit account in my name, personally. In order to open a deposit account in my name as Receiver, I was required to provide the Debtor's EIN. Lender should have had this information but never provided same despite my advising it of the problem. *See* **Exhibit "A"** annexed hereto.

3

### B. *Basis for Receiver's Fees Despite No Monies Received*

11.     Lender's mischaracterization of the law and facts should not distract this Court from the heart of the issue: I, as well as my court-appointed agents, performed necessary work in a span of a years' time under unusual circumstances and should be compensated for our time and efforts – regardless of the fact that no rents were collected.

12.     Generally, the payment of commissions to a receiver for the performance of his duties is governed by CPLR 8004, primarily subsection (a) thereof. The section speaks generally of commissions not exceeding five percent of the sums received and disbursed by the receiver. Where the computation yields a sum in excess of $100, then the cited percentage is the maximum the court may award, regardless of the quality and extent of the receiver's services. *New York State Mortgage Loan Enforcement & Admin. Corp. v. Milbank Site on Houses, Inc.*, 542 N.Y.S.2d 632 (1st Dept. 1989); *Independent Properties Co. v. Mast Property Investors, Inc.*, 539 N.Y.S.2d 1221 (3d Dept. 1989).

13.     However, if the receiver collects no income and the five percent computation generates no commission, the receiver is nonetheless entitled to the reasonable value of his or her services and the court may direct the party who moved for the appointment of the receiver (i.e. Lender) to pay such sums, in addition to the necessary expenditures incurred by the receiver. *See* CPLR 8004(b); *Sandelman v. 21 E. 63d St. Corp.*, 23 A.D.2d 649 (1st Dept. 1965). In addition to attorney's fees, a receiver's expenses include the compensation payable to the managing agent. *Kitt v. D.M.V. Estates, Inc.*, 7 A.D.2d 291 (1st Dept. 1959); *Handman v. Madonick*, 235 A.D. 47 (1st Dept. 1932).

14.     Thus, although I collected no income, I am nevertheless entitled to be compensated on a quantum meruit basis. I submit that my moving papers, as well as this reply,

presents the Court with sufficient evidence of the services rendered by my court-appointed managing agent, counsel and me. I have, in good faith, executed my duties as Receiver in a time of unusual circumstance and submit that the commissions sought are reasonable in light of all the foregoing.

15.     It is important to note that while I personally only billed 2.9 hours, pursuant to 22 NYCRR Part 36 the time expended by associates at my firm as my agents is to be compensated, with no additional court approval required. Part 36 Rules of the Chief Judge (Appointment by the Court) states, in pertinent part, as follows:

> Unless otherwise directed by the court, a fiduciary appointee may utilize supporting attorneys and staff in their firm without additional Court approval. Support attorneys and staff may perform tasks only under the fiduciary appointee's direct supervision; all appearances and reports must be made by the fiduciary appointee; and all compensation earned by support attorneys or personnel shall be charged to the appointee for purposes of compensation limits pursuant to this Part.

*See* 22 NYCRR 36.4(c)(5).

16.     The above rule applies to me as Receiver, Matthew Hearle as counsel and James Wacht as managing agent, and covers our respective firms and staffs. Thus, Lender's objections centering on the time I or Matthew Hearle put in personally into this receivership is of no import and should be rejected.

17.     Moreover, Lender's objections to my managing agent's invoice are ludicrous, especially in light of Lender's interaction with my managing agent. Not only did Lender partake in at least one teleconference with the managing agent, but its inspection of the Premises, efforts to locate tenants, assessment of conditions of the Premises and preparation of a proposed budget for necessary repairs (which Lender specifically requested) more than adequately justifies the $3,500 billed therefor.

18. While my initial Motion includes time logs setting forth the services provided by my counsel and me, in light of Lender's Objection, below is a non-exhaustive summary highlighting the services performed by me, as well as my counsel.

### C. *The Temporary Receiver's, As Well as His Counsel's and Managing Agent's, Fees and Expenses Explained*

19. On or about May 21, 2020 and in coordination with Lender's foreclosure counsel, I obtained property and general liability policies for the Premises.

20. On June 19, 2020, I served notice to the residential and commercial tenants at the Premises to attorn all rents to me as Receiver. Despite this notice, no tenant (either commercial or residential) forwarded rent payments to me as requested in the notice provided.

21. On June 8, 2020, I moved the court in the Foreclosure Action to appoint a managing agent and counsel. Given that the Premises is classified (S9) – single or multiple dwelling with stores or offices – with a rent roll that Lender estimated to be $164,184.00, it would have been virtually impossible for me alone to operate the Premises on a day-to-day basis.

22. On July 8, 2020, pursuant to orders of appointment, James Wacht, of Lee & Associates Management LLC, was appointed as managing agent and Matthew Hearle, Esq., of Goldberg Weprin Finkel Goldstein LLP, was appointed as counsel.

23. On July 22, 2020, I served Debtor with a turnover request. Despite my demand, however, no money, property, or effects have come into my possession since the time of my appointment.

24. On or about July 21, 2020, Lee & Associates performed an inspection of the Premises. After review of the photographs and documents provided, it became apparent that Lender's initial description of the Premises was significantly erroneous. The Premises were generating little to no income, was largely vacant and in desperate need of repairs.

6

25. Shortly thereafter, my managing agent and counsel and I conferred with Lender's foreclosure counsel and determined that Lee & Associates should prepare a budget and cost estimates regarding the necessary repairs to the Premises. It appeared that Lender was willing to cooperate.

26. On August 4, 2020, Lee & Associates provided me with an outline of the necessary repairs, proposed budget and cost estimates, which was immediately provided to Lender's foreclosure counsel. Despite this and Lender's initial appearance of cooperation, Lender never provided the necessary funds to perform the necessary repairs at the Premises despite repeated communications regarding same. Indeed, Lender's foreclosure fell silent.

27. In sum, a total of 38.60 hours were devoted by the Receiver and my firm, attorneys and staff.

28. The services performed by my counsel, Matthew Hearle, Esq., for me over this same period have not been very extensive, but from time to time it was necessary for my counsel to advise me as to my legal position in connection with some of recalcitrant tenants and to write letters to the Lender and to the tenants on behalf of the Temporary Receiver. In addition, my counsel brought on the application in the Foreclosure Action. For these services, which, in the aggregate, over a period of counsel's time, your deponent believes is reasonably entitled, as and for Mr. Hearle's fees as attorney for the Temporary Receiver, to the sum of $4,905.00.

29. Once again, Lender's highlighting of the fact that Mr. Hearle only billed $405 is irrelevant. Mr. Hearle utilized his associates and their time (totaling 20.90 hours) was billed and should be compensated for pursuant to 22 NYCRR 36.4(c)(5). *See* **Exhibit "E"** to Albstein Decl.

30. Additionally, the services performed by my managing agent, James Wacht of Lee & Associates, for me over this same period have not been extensive, but consisted of preliminary

site visits, consultations and preparation of a budget and cost estimate for the repair work necessary for the Premises. For these services, which, in the aggregate, over a period of the managing agent's time, your deponent believes is reasonably entitled, as and for the fees as managing agent for the Temporary Receiver, to the sum of $3,500.00. *See* **Exhibit "E"** to Albstein Decl.

**WHEREFORE**, it is respectfully prayed that an Order of this Court issue (i) permitting the Temporary Receiver to resign; (ii) approving and fixing the commissions of the Temporary Receiver, as well as that of the Temporary Receiver's counsel and managing agent; (iii) directing that Lender pay to the Temporary Receiver, and to his counsel and managing agent, their respective fees and expenses; (iv) discharging Temporary Receiver and the surety on his undertaking; (v) cancelling the undertaking; and (vi) granting such other and further relief as may be just and proper.

Dated: New York, New York
      July 9, 2021

/s/ Andrew W. Albstein

# EXHIBIT A

# Alexandra Grzebyk

| | |
|---|---|
| **From:** | Brenden Mahoney <Brenden.Mahoney@kandfllp.com> |
| **Sent:** | Tuesday, July 21, 2020 1:49 PM |
| **To:** | Alexandria Grzebyk |
| **Subject:** | RE: Amsterdam Mixed Use LLC v. 500 W 184 LLC et al: Receivership Order granted in New York Supreme Index #: 850274/2019 |

Hi Alexandria,

We received the following update from our client:

We do not have the borrower's EIN. We requested this information from the seller last week upon receiving your email because we believe the seller has it but did not convey on sale.
We are waiting to hear back from them. Will keep you updated.

Thanks,

Brenden D. Mahoney
Associate
Kriss & Feuerstein LLP
360 Lexington Avenue, 12th Floor
New York, NY 10017
Voice: 646-454-4195 ext. 4108
Direct Fax: (646) 454-4164
Email: bmahoney@kandfllp.com

NOTICE: This e-mail message is intended only for the named recipient(s) above. It may contain confidential information that is privileged or that constitutes attorney work product. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this e-mail and any attachment(s) is strictly prohibited. If you have received this e-mail in error, please immediately delete the message and any attachment(s) from your system. Thank you.

THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

**From:** Alexandria Grzebyk <agrzebyk@gwfglaw.com>
**Sent:** Monday, July 20, 2020 2:30 PM
**To:** Brenden Mahoney <Brenden.Mahoney@kandfllp.com>
**Subject:** RE: Amsterdam Mixed Use LLC v. 500 W 184 LLC et al: Receivership Order granted in New York Supreme Index #: 850274/2019


[EXTERNAL]

Hi Brenden,

Hope you had a relaxing weekend. Just wanted to follow up on this – we would like to obtain an EIN for the receiver as soon as possible to allow us to open up the deposit account. Thank you for your attention to this.

Best regards,
Alexandra Grzebyk, Esq.

1

Goldberg Weprin Finkel Goldstein LLP
1501 Broadway, 22nd Floor
New York, New York 10036
Direct Dial (212) 301-6939
Main (212) 221-5700
Fax (212) 221-6532
agrzebyk@gwfglaw.com

This electronic mail message contains CONFIDENTIAL information which is (a) ATTORNEY - CLIENT PRIVILEGED COMMUNICATION, WORK PRODUCT, PROPRIETARY IN NATURE, OR OTHERWISE PROTECTED BY LAW FROM DISCLOSURE, and (b) intended only for the use of the Addressee(s) named herein. If you are not an Addressee, or the person responsible for delivering this to an Addressee, you are hereby notified that reading, copying, or distributing this message is prohibited. If you have received this electronic mail message in error, please reply to the sender and take the steps necessary to delete the message completely from your computer system.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**From:** Brenden Mahoney [mailto:Brenden.Mahoney@kandfllp.com]
**Sent:** Friday, July 17, 2020 1:09 PM
**To:** Alexandria Grzebyk
**Subject:** RE: Amsterdam Mixed Use LLC v. 500 W 184 LLC et al: Receivership Order granted in New York Supreme Index #: 850274/2019

Hi Alexandria,

I have requested the Borrower's EIN from our client. I will forward the information as soon as I get it.

Thanks,

Brenden D. Mahoney
Associate
Kriss & Feuerstein LLP
360 Lexington Avenue, 12th Floor
New York, NY 10017
Voice: 646-454-4195 ext. 4108
Direct Fax: (646) 454-4164
Email: bmahoney@kandfllp.com

NOTICE: This e-mail message is intended only for the named recipient(s) above. It may contain confidential information that is privileged or that constitutes attorney work product. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this e-mail and any attachment(s) is strictly prohibited. If you have received this e-mail in error, please immediately delete the message and any attachment(s) from your system. Thank you.

THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

**From:** Alexandria Grzebyk <agrzebyk@gwfglaw.com>
**Sent:** Friday, July 17, 2020 10:27 AM
**To:** Brenden Mahoney <Brenden.Mahoney@kandfllp.com>
**Subject:** RE: Amsterdam Mixed Use LLC v. 500 W 184 LLC et al: Receivership Order granted in New York Supreme Index #: 850274/2019

[EXTERNAL]

Brenden,

I just left you a voicemail on our office phone – not sure whether you have access to it right now working remotely. Please give me a call when you have a chance today. We're in the process of trying to obtain an EIN number for Andy as receiver to allow us to open up a deposit account; however, to do so we in turn need the borrower's EIN number and I was wondering whether that is something you would have access to, please advise – thanks.

Alexandra Grzebyk, Esq.
Goldberg Weprin Finkel Goldstein LLP
1501 Broadway, 22nd Floor
New York, New York 10036
Cell (914) 218-7991
Direct Dial (212) 301-6939
Main (212) 221-5700
Fax (212) 221-6532
agrzebyk@gwfglaw.com

This electronic mail message contains CONFIDENTIAL information which is (a) ATTORNEY - CLIENT PRIVILEGED COMMUNICATION, WORK PRODUCT, PROPRIETARY IN NATURE, OR OTHERWISE PROTECTED BY LAW FROM DISCLOSURE, and (b) intended only for the use of the Addressee(s) named herein. If you are not an Addressee, or the person responsible for delivering this to an Addressee, you are hereby notified that reading, copying, or distributing this message is prohibited. If you have received this electronic mail message in error, please reply to the sender and take the steps necessary to delete the message completely from your computer system.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.