UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
                                    :
In re:                              :   Chapter 11
                                    :
500 W 184 LLC,                      :   Case No.: 21-10392 (MEW)
                                    :
            Debtor.                 :
                                    :
------------------------------------x

### ORDER APPROVING THE SALE OF THE DEBTOR'S REAL PROPERTY LOCATED AT 500 WEST 184TH STREET, NEW YORK, NEW YORK TO AMSTERDAM MIXED USE OWNER LLC

Upon the *Amended Joint Plan of Reorganization for 500 W 184 LLC* dated November 2, 2021 (the "Plan")[1] [ECF No. 57], proposed by Amsterdam Mixed Use LLC ("Secured Creditor") and 500 W 184 LLC (the "Debtor," and together with Secured Creditor, the "Plan Proponents"), and this Court's order entered on December 14, 2021 (the "Confirmation Order") [ECF No. 72] confirming the Plan pursuant to sections 105(a) and 363 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and upon the provisions in the Plan regarding the sale of the Debtor's real property located at 500 West 18th Street, New York, New York 10033 (the "Property"), free and clear of all liens, claims, encumbrances, and adverse interests, to the successful bidder at proposed auction; and no auction having been held because no qualified bids were received other than the stalking horse offer of Amsterdam Mixed Use Owner LLC (the "Purchaser"); and upon the Declaration of Seth Glasser (the "Glasser Declaration") in support of the sale of the Property to the Purchaser (the "Sale") pursuant to the Plan and a purchase and sale agreement substantially in the form of the proposed *Purchase and Sale Agreement* (the "Purchase Agreement") annexed

---

[1] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Plan.

hereto as <u>Exhibit A</u>, and all other documents filed with the Court in connection with the Sale; and a hearing to consider approval of the Sale having been held before the Court on January 27, 2022 (the "<u>Hearing</u>"); and upon the Court's consideration of the Glasser Declaration, and the record of the Hearing; and upon the record of this case; and after due deliberation thereon, for the reasons stated by the Court on the record of the Hearing, and good and sufficient cause appearing therefor, it is hereby:

**FOUND, CONCLUDED AND DETERMINED THAT**:[2]

A. **Jurisdiction and Venue**. This Court has jurisdiction to consider approval of the Sale under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue in this District is proper under 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief requested are Bankruptcy Code sections 105, 363, 365, 1123(a)(5), 1141(c), 1142, and 1146(a), Bankruptcy Rules 2002 and 6004, and Rule 6004-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "<u>Local Rules</u>").

B. **Notice**. As evidenced by affidavits of service previously filed with the Court, and based on representations of counsel at the Hearing, (i) due, proper, timely, adequate and sufficient notice of the Sale has been provided to all parties entitled thereto; (ii) such notice was and is good, sufficient and appropriate under the circumstances of the Chapter 11 Case; and (iii) no other or further notice of the Sale or the Hearing, or the relief sought with respect to them, is or shall be required. A reasonable opportunity to object or to be heard has been afforded to all interested persons and entities.

---

[2] The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

C.     **Arm's-Length Sale**.  The sale of the Property and the Landlord Claims pursuant to the Plan was negotiated by the Plan Proponents and the Purchaser at arm's-length, without collusion or fraud, and in good faith within the meaning section 363(m) of the Bankruptcy Code.  No evidence was presented suggesting that the Plan Proponents, the Purchaser, their respective affiliates, or their representatives has engaged in any conduct that would cause or permit sale of the Property or the Landlord Claims, or the Purchase Agreement to be avoided under section 363(n) of the Bankruptcy Code.  The Purchaser has proceeded in good faith in connection with this proceeding.  The terms and conditions of the sale transaction and the Purchase Agreement, including without limitation, the consideration provided therein, are fair and reasonable.  The Purchase Agreement is a valid and binding contract and shall be enforceable according to its terms.

D.     **Sale in Best Interests**.  The sale of the Property and the is in the best interests of the Debtor, its estate, its creditors and all other parties in interest.  Immediate approval by this Court of the sale of the Property and the to the Purchaser is necessary and appropriate to maximize the value of the Debtor's estate.  There is risk of deterioration of the value of the Property if the sale transaction is not promptly consummated.

E.     **Business Justification**.  The Plan Proponents have demonstrated good, sufficient and sound business reasons and compelling circumstances for the Court to approve the Purchase Agreement and authorize the sale of the Property in accordance with the Plan.  Entry of this Order approving the sale of the Property and the Landlord Claims is a necessary condition precedent to the Purchaser's consummation of the sale transaction.

F.     **Consideration**.  The Property has been adequately marketed, and the purchase price to be provided by the Purchaser pursuant to the Purchase Agreement (i) represents the highest

3

or otherwise best offer received by the Debtor for the Property, and (ii) constitutes reasonably equivalent value and fair consideration for the Property.

      G.      **Free and Clear**. The sale of the Property and the Landlord Claims to the Purchaser in accordance with Plan and/or the Purchase Agreement will be a legal, valid, and effective transfer of the Property, and, except as otherwise provided in the Purchase Agreement, vests or shall vest the Purchaser with all right, title, and interest of the Debtor in and to the Property and the Landlord Claims free and clear of all Liens and Claims of any kind or nature to the fullest extent permitted by sections 363(f), 1123(a)(5)(D) and 1141(c) of the Bankruptcy Code. The holders of any Liens or Claims who did not object to the Sale are barred from objecting to the sale pursuant to section 363(f)(2) of the Bankruptcy Code.

      **NOW, THEREFORE, IT IS ORDERED THAT:**

      1.      **Sale is Approved**. The Sale is approved, and the Plan Proponents are authorized to sell, transfer and convey the Property and the Landlord Claims to the Purchaser pursuant to the terms of the Plan and the Purchase Agreement.

      2.      **Objections Overruled**. Any objections to the entry of this Order or the relief granted herein that have not been withdrawn, waived, settled, or otherwise resolved as set forth on the record at the Hearing and/or memorialized pursuant to the terms hereof (if any), and any reservations of rights asserted in connection with entry of this Order, hereby are denied and overruled on the merits with prejudice.

      3.      **Approval and Authorization**. The Purchase Agreement and all of the terms and conditions therein are approved. The Plan Proponents and each of their respective officers, members, employees and agents, as applicable, are each hereby authorized and directed to (i) perform the obligations under and comply with the terms of the Purchase Agreement and

execute, deliver and perform any additional agreements, instruments or documents that may be reasonably necessary or appropriate to implement the Purchase Agreement; (ii) consummate the sale, transfer and conveyance of the Property and the Landlord Claims in accordance with the terms and conditions of the Plan and the Purchase Agreement; and (iii) take all other and further actions as may be reasonably necessary or appropriate to implement the sale, transfer and conveyance of the Property and the Landlord Claims and perform its obligations under the Purchase Agreement. The provisions of this Order authorizing the sale of the Property and the Landlord Claims free and clear of all Liens and Claims, except as otherwise set forth in the Purchase Agreement or this Order, shall be self-executing, and neither the Debtor or the Purchaser shall be required to execute or file releases, termination statements, assignments, consents, or other instruments in order to effectuate, consummate and implement the provisions of this Order. However, the Plan Proponents, the Purchaser, and each of their respective officers, directors, employees, agents, and representatives are hereby authorized and empowered to take all actions and execute, file, register or otherwise record, and deliver any and all agreements, instruments and documents (including without limitation, deeds and accompanying transfer documents as may be required by recording officers and/or a title insurance company) that the Plan Proponents or the Purchaser deem necessary or appropriate to implement and effectuate the terms of the Purchase Agreement and this Order. The Purchaser and/or the Debtor are hereby authorized to file, register, or otherwise record a copy of this Order, which, once filed, registered, or otherwise recorded, shall constitute conclusive evidence of the release of all liens, claims and/or interests in, against or with respect to the Debtor and/or the Property. This Order is deemed to be in recordable form sufficient to be placed in the filing or recording system of each federal, state, or local government agency, department or office.

4.      **Valid Transfer**.  Upon the Closing, (i) the sale transaction effects a legal, valid, enforceable and effective sale and transfer of all of the Debtor's rights, title, and interests in the Property and the Landlord Claims to the Purchaser, and shall vest the Purchaser with all of the Debtor's rights, title, and interests in the Property free and clear of all Liens and Claims of any kind to the fullest extent permitted by sections 363(f), 1123(a)(5)(D) and 1141(c) of the Bankruptcy Code, except as expressly provided in this Order and the Purchase Agreement, and (ii) the Purchase Agreement, the sale of the Property and the Landlord Claims, and any agreements, instruments and documents contemplated thereby shall be enforceable against and binding upon, and not subject to rejection or avoidance by, the Debtor or any successor trustee appointed with respect thereto.

5.      **Good Faith Purchaser**.  The sale of the Property and the Landlord Claims under the Purchase Agreement is undertaken by the Purchaser in good faith, as that term is used in section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the sale, transfer and conveyance of the Property shall not affect the validity of the sale, transfer and conveyance of the Property and the Landlord Claims to the Purchaser, unless such authorization is duly stayed pending such appeal.  The Purchaser is a purchaser in good faith of the Property and the Landlord Claims, and is entitled to all of the protections and immunities afforded by section 363(m) of the Bankruptcy Code.  Neither the Secured Creditor nor the Purchaser is an "insider" of the Debtor as that term is defined in section 101(31) of the Bankruptcy Code.  No evidence was presented to the Court suggesting that the Plan Proponents or the Purchaser engaged in conduct that would cause or permit the Purchase Agreement or the sale of the Property and the Landlord Claims to the Purchaser thereunder to be avoided under section 363(n) of the Bankruptcy Code.

6. **Injunction**. Except as expressly provided in the Purchase Agreement or by this Order, all persons and entities, including, but not limited to, all debt security holders, equity security holders, governmental, tax and regulatory authorities, lenders, vendors, suppliers, employees, trade creditors, litigation claimants, and other persons or entities, holding Liens or Claims of any kind or nature whatsoever in the Debtor or against the Debtor, or the Debtor's rights, title, and interests in the Property and the Landlord Claims (whether known or unknown, legal or equitable, matured or unmatured, contingent or noncontingent, liquidated or unliquidated, asserted or unasserted, whether arising prior to or subsequent to the commencement of the Chapter 11 Case, whether imposed by agreement, understanding, law, equity or otherwise), including, without limitation, those arising under, out of, in connection with, or in any way relating to the Debtor, the Property, the Landlord Claims, the operation of the Debtor's business, or the transfer of the Debtor's rights, title, and interests in the Property to the Purchaser, shall be and hereby are forever barred, estopped and permanently enjoined from: (i) commencing or continuing in any manner any action or other proceeding, whether in law or in equity, in any judicial, administrative, arbitral or other proceedings, against the Purchaser, its successors or assigns, or asserting or pursuing such Liens or Claims against the Property, or the rights, title, and interests of the Purchaser in such Property; (ii) creating, perfecting or enforcing any Liens or Claims against the Purchaser, it successors or assigns, or the Property; (iii) asserting any set-off, right of subrogation, or recoupment of any kind against the Purchaser, it successors or assigns, or the Property; and (iv) commencing or continuing any action in any manner or place, that is inconsistent with the terms of this Order. All persons and entities are hereby prohibited and enjoined from taking any action that would adversely affect or interfere with the ability of the Purchaser to acquire the Debtor's right, title, and interest in and to the Property and the Landlord Claims as contemplated

by this Order. Following the Closing, no holder of an Interest in or against the Debtor or the Property may interfere with any of the relief afforded by this Order or with the Purchaser's title to or use and enjoyment of the Property based on or related to such Liens or Claims, or based on any action taken by the Debtor since commencement of the Chapter 11 Case, including without limitation Purchaser's right, ability, and effort to derive rental income and other revenue from the Property and to maximize the value of the Property. For the avoidance of doubt, the foregoing shall not prevent the Plan Proponents and/or the Debtor from enforcing the terms of the Purchase Agreement against the Purchaser and/or its successors and assigns.

7.      **Successor Liability**. Upon the Closing, and to the fullest extent permitted by section 363(f) of the Bankruptcy Code, the Purchaser, its affiliates, successors and assigns shall not and shall not be deemed to: (i) be a successor or successor employer to the Debtor or its estate under any theory of law or equity; (ii) have, *de facto* or otherwise, merged or consolidated with or into the Debtor or the Debtor's estate; (iii) be a mere continuation or substantial continuation of the Debtor or any enterprise of the Debtor; or (iv) be liable for any acts or omissions of the Debtor in the conduct of the Debtor's business or arising under or related to the Property other than as set forth in the Purchase Agreement. There is no substantial continuity between the Debtor and the Purchaser, there is no common identity between the Debtor and the Purchaser, and there is no continuity of enterprise between the Debtor and the Purchaser. To the fullest extent permitted by section 363(f) of the Bankruptcy Code, none of the Purchaser or the Property shall have (i) any liability or responsibility for or be required to satisfy in any manner (whether at law or in equity, by payment, setoff or otherwise, directly or indirectly) any claim or any Interest against the Debtor, or (ii) any successor or vicarious liabilities.

8. **Binding Effect of Order**. The terms and provisions of the Purchase Agreement and this Order shall be binding in all respects upon the Debtor, the Debtor's officers and managers, the Debtor's estate, the Purchaser, all creditors of the Debtor, all holders of equity interests in the Debtor, and all other parties in interest, and their successors and assigns, including all parties asserting any lien, claim or interest in or against the Property.

9. **Sale Free and Clear of Interests**. This Order (i) shall vest the Purchaser with all right, title and interest in the Property and the Landlord Claim free and clear of any and all Liens and Claims of any kind or nature whatsoever to the fullest extent permitted by sections 363(f), 1123(a)(5)(D) and 1141(c) of the Bankruptcy Code, except as otherwise provided in the Purchase Agreement or this Order, with such Liens and Claims that are not paid at Closing to attach to the net proceeds of the Sale with the same force, validity, effect, priority and enforceability as such Liens and Claims had prior to the Sale; and (ii) shall be binding upon and shall govern the acts of all persons, parties in interest, and entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Property. Upon the occurrence of the Closing, the Plan Proponents and all persons holding an Interest in the Property immediately prior to the Closing are hereby authorized to execute such documents and take all other actions as may be reasonably necessary to release their Liens or Claims in the Property (if any) as such Liens or Claims may have been recorded or may otherwise exist. All recorded Liens or Claims against the Property shall be deemed stricken from

their records, official and otherwise, except that, at the option of the Secured Creditor may be transferred subject to the Secured Creditor's mortgage and mortgage lien.

10. **Property Turnover at Closing**. The Debtor shall turnover possession of the Property at closing, together with all files and records pertaining to construction documents, Department of Building permits, violations, architectural plans, leases, repair invoices, and tenant correspondence. If the Debtor fails to turnover possession of the Property, the Secured Creditor or the Purchaser shall be entitled to apply for a writ of assistance for Bankruptcy Court approval to obtain the assistance of the United States Marshal to remove the Debtor and its affiliates from the Property and effectuate turnover of the Property and all related files and records pertaining to construction documents, Department of Building permits, violations, architectural plans, leases, repair invoices, and tenant correspondence.

11. **Exemption from Stamp or Similar Taxes**. To the maximum extent provided by section 1146(a) of the Bankruptcy Code, the Sale shall not be subject to any stamp tax or similar tax and the appropriate state or local government officials or agents shall forego collection of any such tax and accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax.

12. **Purchaser Is a Party in Interest**. The Purchaser is a party in interest and shall have the ability to appear and be heard on all issues related to or otherwise connected to this Order, the Sale, and any issues related to or otherwise connected to the Sale and the Purchase Agreement.

13. **Failure to Specify Provisions**. The failure to reference or specifically include any particular provisions of the Purchase Agreement in this Order shall not diminish or impair the effectiveness of such provisions, it being the intent of the Court that the Purchase Agreement and the sale of the Property and the Landlord Claims be authorized and approved in its entirety.

10

14. **No Stay of Order**. Notwithstanding the provisions of Bankruptcy Rule 6004 or any applicable provisions of the Local Rules, this Order shall not be stayed for fourteen (14) days after the entry hereof, but shall be effective and enforceable immediately upon entry. The Plan Proponents and the Purchaser may close the sale of the Property as soon as practicable.

15. **Modifications**. The Purchase Agreement and any related agreements, documents, or other instruments, may be modified, amended, or supplemented by the parties thereto, in a writing signed by each party, and in accordance with the terms thereof, without further order of the Court provided that any such modification, amendment, or supplement does not materially change the terms of the Purchase Agreement or any related agreements, documents, or other instruments.

16. **Inconsistencies with Prior Orders, Pleadings or Agreement**. To the extent this Order is inconsistent with any prior order or pleading with respect to the sale of the Property and the Landlord Claims, the terms of this Order shall govern. To the extent this Order is inconsistent with the terms of the Purchase Agreement, the terms of the Order shall govern.

17. **Retention of Jurisdiction**. This Court retains exclusive jurisdiction to interpret, implement, and enforce the terms and provisions of, and to resolve any and all disputes that may arise under or in connection with, this Order and the Purchase Agreement, all amendments thereto and any waivers and consents thereunder, including, but not limited to, the authority to (i) compel transfer, conveyance and delivery of the Property and the Landlord Claims to the Purchaser, including the execution of any documents, instruments, or agreements related thereto, or the performance of any act necessary or desirable to carry out the Sale and effectuate the transfer, conveyance and delivery of the Property to the Purchaser; (ii) interpret, implement and enforce the provisions of this Order and any related order; and (iii) protect the Purchaser and the Property

11

against any Liens and Claims of any kind or nature whatsoever from which the Property has been sold free and clear.

18. **Automatic Stay**. The automatic stay provisions of section 362 of the Bankruptcy Code are lifted and modified to the extent necessary to implement the terms and conditions of the Sale Agreement and the provisions of this Order.

Dated: New York, NY
       February 2, 2022

                                **s/Michael E. Wiles**
                                UNITED STATES BANKRUPTCY JUDGE